**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

SAFECO INSURANCE
COMPANY OF AMERICA,         *

     Plaintiff,         *

v.         Case No.: GJH-18-991

        *

JANE DERN et al.,

        *

     Defendants.

        *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

In this interpleader action, Plaintiff Safeco Insurance Company of America (Safeco) brought suit against Defendant Jane Dern and Defendant Sasscer, Clagett & Bucher (Sasscer) requesting that it be authorized to deposit funds due under a settlement agreement into the Registry of the Court, that it be deemed to have executed its obligations under the settlement agreement, and that it be dismissed from the action, discharged of further liability related to the settlement agreement, and awarded attorneys' fees and costs associated with this interpleader action. ECF No. 1. Safeco has since deposited funds due under the settlement agreement and been discharged from further liability. ECF No. 17. Now pending before the Court are Plaintiff's Motion for Attorneys' Fees, ECF No. 19, and Defendant Sasscer's Motion for Attorneys' Fees, ECF No. 20. No Hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion for Attorneys' Fees will be granted, and Defendant Sasscer's Motion for Attorneys' Fees will be denied without prejudice.

I.   **BACKGROUND**

On October 7, 2016, Plaintiff Safeco and Defendant Dern entered into a settlement agreement that resolved prior litigation in the *Dern v. Liberty Mutual Insurance* Company, Case No. 8:15-cv-01737-GJH. ECF No. 1 ¶ 2. Defendant Sasscer represented Defendant Dern in the prior litigation. *Id.* ¶ 1. The settlement agreement stated that Safeco would tender $150,000 jointly payable to Dern and Sasscer in exchange for a full and final release of any and all claims in the prior litigation. *Id.* ¶ 24. Dern later refused to acknowledge the settlement agreement, would not endorse a settlement check, and filed a Motion to Re-Open the Case. *Id.* ¶ 5; *see also* Docket in Case No. 8:15-cv-01737-GJH ("Related Case Docket"), ECF Nos. 50-1 & 53 ¶ 2. Sasscer withdrew its representation of Dern with the Court's permission and asserted an attorneys' lien on the settlement proceeds for its fees. ECF No. 1 ¶ 4. Dern has indicated in various filings that she disputes the services provided and/or the fees to be paid to Dern's Prior Counsel from the settlement proceeds. *Id.*

The Court denied Dern's Motion to Re-Open the Case and granted Safeco's Motion to Enforce Settlement Agreement. *Id.* ¶ 16. Dern appealed the decision to the U.S. Court of Appeals for the Fourth Circuit, but the appeal was dismissed. *Id.* ¶ 19. Dern then filed a Motion for Reconsideration, which the Court of Appeals denied. *Id.* ¶ 23. When Dern continued to refuse to abide by the settlement agreement's terms, Safeco filed this interpleader action. *Id.* ¶ 24. Defendant Dern failed to answer and Safeco moved for Clerk's Entry of Default, which the Court granted. ECF Nos. 13 & 15. Defendant Sasscer answered Safeco's Complaint and filed a cross-claim against Defendant Dern. ECF No. 9. On September 11, 2018, the Court granted Safeco's Consent Motion to Interplead Funds. ECF No. 17. On October 4, 2018, Safeco deposited the Disputed Funds with the Court. ECF Nos. 17–18. Pursuant to the Court's

September 11, 2018 Order, the settlement agreement was deemed executed and Safeco was discharged from any liability relating to the deposited funds. ECF No. 17. Safeco and Defendant Sasscer have now moved for attorneys' fees. ECF Nos. 19 & 20.

## II. DISCUSSION

### A. Safeco's Motion for Attorneys' Fees

"[I]t is within the discretion of the court to award the [interpleader] costs including a reasonable attorneys' fee out of the deposited fund." *Wells Fargo Bank, N.A. v. Eastham*, No. CV DKC 16-0386, 2016 WL 2625281, at *4 (D. Md. May 9, 2016) (citing *Coppage v. Ins. Co. of North America*, 263 F.Supp. 98, 100 (D. Md. 1967)); *see also Bank of Am., N.A. v. Jericho Baptist Church Ministries. Inc.*, No. PX 15-02953, 2017 WL 319521, at *1 (D. Md. Jan. 23, 2017) (noting that "[t]he Court retains broad discretion to award the stakeholder its costs, including reasonable attorneys' fees, out of the deposited fund."). The rationale is that "[b]ecause the stakeholder is considered to be helping multiple parties to an efficient resolution of the dispute in a single court," granting attorneys' fees to the stakeholder is often justified. *Stonebridge Life Ins. Co. v. Kissinger*, 89 F. Supp. 3d 622, 627 (D.N.J. 2015)). Attorneys' fees and costs are, however, appropriate only when the interpleader plaintiff acts "as a mere stakeholder, which means that the party has admitted liability, has deposited the fund in court, and has asked to be relieved of any further liability." *Jericho,* 2017 WL 319521, at * 1 (citing 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1719 (3d ed. 2001)).

Additionally, "[w]hen an award of costs and attorneys' fees to a stakeholder in a successful interpleader action is equitable, it should also be modest." *Jericho,* 201 7 WL 319521, at *2. "By its very nature [an interpleader fee] is of a relatively small amount simply to compensate for initiating the proceedings." *Id.* (citing *Ferber Co. v. Ondrick*, 310 F.2d 462, 467

(5th Cir. 1962)). In general, a stakeholder's ability to recoup attorneys' fees and costs is limited, because the interpleader process "does not usually involve any great amount of skill, labor or responsibility." *Id.* (citing *Lewis v. Atlantic Research Corp.*, No. 98-0070-H, 1999 WL 701383, at *7 (W.D. Va. Aug. 30, 1999)). An award of attorneys' fees should be "properly limited to the preparation of the petition for interpleader, the deposit of the contested funds with the court, and the preparation of the order discharging the stakeholder." *Id.*

Indeed, courts in this jurisdiction have, in recent interpleader cases, denied requests for attorneys' fees entirely or made a substantial deduction to the award request. *See Eastham*, 2016 WL 2625281 at *5 (noting that "[p]laintiff could have taken steps to assuage its concern regarding multiple potential claimants to the Disputed Funds without initiating an interpleader action that required five additional parties to spend time and money in litigation."); 7 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 1719 (3d ed. 2001) ("courts often deny costs and fees when an interpleader brings an action 'prematurely or without sufficient basis for believing that it will be subjected to multiple vexation'"); *see Jericho*, 2017 WL 319521 at *3 (cutting attorneys' fees that were "spent on matters outside the interpleader action itself").

Here, Safeco is a "mere stakeholder" because it "has admitted liability, has deposited [the disputed funds] in court, and has asked to be relived of any further liability." *Jericho*, 2017 WL 319521, at * 1 (citing 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1719 (3d ed. 2001)); ECF No. 17. The remaining issue is whether Safeco had sufficient basis for concern to initiate the interpleader action. The settlement agreement at issue instructed Safeco to issue a check for $150,000 jointly to Defendants Dern and Sasscer. However, Defendant Dern has refused to acknowledge the settlement agreement and threatened not to endorse a settlement

check if tendered by Defendant. Therefore, Safeco could not discharge itself of its obligations under the settlement agreement by issuing a settlement check jointly to Defendants because Defendant Dern refused to endorse such a check. Safeco could not follow the terms of the settlement agreement without potentially subjecting itself to claims by both defendants to a portion of the disputed funds. Given that, without initiating an interpleader action, Safeco could not "have taken steps to assuage its concern regarding multiple potential claimants" to the $150,000 in disputed funds, attorneys' fees are appropriate. *Eastham*, 2016 WL 2625281 at *5.

In support of its request for attorneys' fees, Safeco submits a declaration of its attorney and a detailed description of the work performed by its attorneys in connection with the interpleader action. ECF No. 19-2. These materials indicate that Safeco's attorneys incurred $6,944 in attorneys' fees in connection with this interpleader matter and that the fees charged by Safeco's attorneys are within the local guidelines and are reasonable. *Id.* ¶¶ 7 11; *see also* Loc. R. App. B (D. Md.). Safeco is therefore awarded $6,944 in attorneys' fees, which will be disbursed from the interpleader funds deposited with the Registry of the Court.

### B. Realignment of Parties and Defendant Sasscer's Motion for Attorneys' Fees

After a court determines that a stakeholder has properly invoked interpleader, directs funds to be deposited with the court, and discharges the stakeholder from liability with respect to the deposited funds, the second stage of the interpleader action begins. *Eastham*, 2016 WL 2625281 at *2. "During the second stage, a scheduling order is issued and the case continues between the claimants to determine their respective rights." *Metro. Life Ins. Co. v. Vines*, No. WDQ-10-2809, 2011 WL 2133340, at *2 (D.Md. May 25, 2011). At this point "[t]he claimants engage in the 'normal litigation processes, including pleading, discovery, motions, and trial.'" *Id.* Although a Clerk's Entry of Default has been entered against Defendant Dern as to Safeco's

Interpleader Complaint, Defendant Sasscer has not moved for entry of default against Dern as to its cross-claim. Therefore, Sasscer's motion for attorneys' fees cannot be resolved in the present posture. After all, Dern has indicated in various filings that she disputes the services provided and/or the fees to be paid to Defendant Sasscer (Dern's prior counsel) from the settlement proceeds. ECF No. 1 ¶ 4. At this point, however, the Court will realign the parties—designating Sasscer as the plaintiff for future proceedings with Dern remaining as the Defendant. *See* 7 Wright, Miller, & Kane, *supra* § 1714 ("At this juncture, each claimant occupies an adversary position to the others and must proceed accordingly"); *see also Eastham*, 2016 WL 2625281 at *5. Sasscer is free to re-file it's motion for attorneys' fees after resolution of this matter on the merits or entry of default.

### III. CONCLUSION

For the following reasons, Safeco's Interpleader Motion for Attorneys' Fees, ECF No. 19, is granted, and Sasscer's Motion for Attorneys' Fees, ECF No. 20, is denied without prejudice.

Date: May 9, 2019    /s/_____
                     GEORGE J. HAZEL
                     United States District Judge