**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **SASSCER, CLAGETT & BUCHER,** | * |
| Plaintiff, | * |
| v. | *  Case No.: GJH-18-991 |
| **JANE DERN,** | * |
| Defendant. | * |

* * * * * * * * * * * * *

## MEMORANDUM OPINION AND ORDER

This interpleader action was filed on April 6, 2018 by terminated party Safeco Insurance Company of America ("Safeco") against Sasscer, Clagett & Bucher ("SCB") and Jane Dern ("Dern"), both of whom Safeco believed might claim entitlement to proceeds of a settlement relating to a fire loss by Dern, who held an insurance policy issued by Safeco. *See* ECF No. 1. SCB had represented Dern in the suit against Safeco that led to the settlement (the "underlying action"), but the representation had terminated and Dern had repeatedly raised disputes with the services SCB provided and moved to be released from the settlement agreement. *See* ECF No. 23 at 2.[1] In response, SCB asserted an attorney's lien on Dern's recovery. *See* ECF Nos. 10, 25.

On May 2, 2018, SCB filed a cross-claim against Dern in this action to recover its fees. ECF No. 10. When Dern failed to respond to the cross-claim pleading, SCB moved for entry of default, which the Clerk entered on July 6, 2018, ECF No. 15. On September 11, 2018, the Court granted Safeco's Consent Motion to Interplead Funds, ECF No. 17, and Safeco deposited funds with the Court on October 4, 2018, *see* ECF No. 23 at 2. In a Memorandum Opinion and an

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

Order issued on May 9, 2019, the Court granted Safeco's motion for attorneys' fees to be paid from the interpleaded funds and dismissed Safeco from the action, but denied without prejudice a motion by SCB to collect attorneys' fees from the funds and realigned the parties so that SCB was the Plaintiff and Dern was the Defendant. ECF Nos. 23, 24. SCB's motion for fees was denied because it requested the same relief sought in SCB's cross-claim against Dern, which had not yet progressed beyond the Clerk's entry of Dern's default. ECF No. 23 at 5–6.

On June 24, 2019, SCB filed a motion for default judgment on the cross-claim against Dern. ECF No. 25. On October 22, 2019, without having responded to the motion for default judgment, Dern filed a *pro se* motion to "vacate the judgment," apparently referring to the underlying action that had been closed by the settlement agreement. ECF No. 27. Safeco and SCB responded in opposition, both arguing that Dern's motion raised no grounds not already addressed by the Court in the underlying action when it twice ordered Dern to comply with the settlement agreement. ECF No. 28 at 2; ECF No. 29 at 1. On November 27, 2019, however, SCB and Dern filed a consent motion to disburse the remaining interpleaded funds. ECF No. 30. The motion explained that the parties had reached an agreement with respect to the settlement and requested an order directing specific amounts to be paid to SCB and Dern. *Id.* ¶ 6.

The filing specifically stated that as part of the motion, Dern moved to withdraw her October 22, 2019 petition to vacate. *Id.* ¶ 8. The parties also clarified that if the Court were to sign an order pursuant to the motion, "there would be no further disputes between the parties and the matter could be dismissed." *Id.* ¶ 9. The motion underscored that "Jane Dern expressly consents to the relief requested in this Motion" and that "Both parties consent to the case being dismissed once the funds are disbursed by the Clerk." *Id.* ¶ 10. The parties also attached to the motion a notarized affidavit by Jane Dern which stated that: "It is my desire to settle and end any

2

dispute I may have with the remaining party to this matter and to withdraw the Petition to Vacate I filed on October 22, 2019," ECF No. 30-1 ¶ 3; "I expressly consent to the disbursal of funds in the Court registry [of specified amounts to SCB and Dern]," *id.* ¶ 4; and "I further consent to the dismissal of this case," *id.* ¶ 5. Dern also filed an original signed copy of the affidavit with the Court. ECF No. 31.

On November 27, 2019, the Court issued an Order granting the Consent Motion and stating that the Court would issue payments of $12,897.45 to SCB and $130,158.55 to Dern. ECF No. 32. The Order further directed that the funds be disbursed immediately and that Clerk then close the case. *Id.* On December 6, 2019, the Court issued an Amended Order increasing the payments to $13,397.45 to SCB and $133,512.04 to Dern, which together represented the entire amount in the Court's Registry, including accumulated interest. ECF No. 33. The Order again directed that the funds be disbursed immediately and that the Clerk then close the case. *Id.* On December 10, 2019, checks were issued to SCB and Dern for the specified amounts.

On January 15, 2020, however, Dern filed a *pro se* "Supplement to Motion to Vacate Judgement [sic] For Unfair settlement practices." ECF No. 34. The filing, which concludes by "request[ing] [that] the Court reconsider the order to settle, and vacate the settlement agreement," raises the same challenges to the settlement in the underlying action that Dern had raised previously and that the Court previously rejected. *Id.* at 1–2. The Court will now deny Dern's supplemental request for several reasons. First, the Court finds that the fairest interpretation of the filing is that it is a motion to reconsider under Federal Rule of Civil Procedure 59(e). Such a motion "may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Mayfield v. Nat'l Ass'n for*

3

*Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (quoting *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)). Dern fails to demonstrate how any of those criteria apply here.

Compelling this conclusion is that the statements in the filing contradict Dern's representations in her notarized affidavit that she desired to settle and end any dispute she has with SCB and that she consented to dismissal of this case. ECF No. 30-1; ECF No. 31. In light of these representations, Dern is in effect now asking the Court to reconsider its acceptance of her own statements to the Court. There are no grounds to do so. Additionally, while the Clerk of the Court has not yet formally closed this case, a check was issued to Dern on December 10, 2019. Dern's filing thus asks the Court to vacate a settlement from which she has already collected the proceeds. It is thus unclear what relief Dern would have the Court enter. For these reasons, to the extent Dern's filing can be construed as a motion, it is denied. And because the funds from the settlement agreement have now been disbursed, the Court will order that this case now be closed.

For the foregoing reasons, it is **ORDERED** by the United States District Court for the District of Maryland that:

1. Sasscer, Clagett & Bucher's Motion for Default Judgment, ECF No. 25, is **DENIED AS MOOT**;
2. Dern's Motion to Vacate the Judgment, ECF No. 27, is **DENIED AS MOOT**;
3. To the extent that it may be construed as a motion, Dern's Supplement to Motion to Vacate, ECF No. 34, is **DENIED**;
4. The Clerk **SHALL CLOSE** this case; and
5. The Clerk **SHALL MAIL** a copy of this Memorandum Opinion and Order to Dern.

Date: February 7, 2020

GEORGE J. HAZEL
United States District Judge

4